Eric Dangerfield
d/b/a Omega Consulting
7706 Pinebrook Dr
San Antonio, Texas 78230
Phone (210) 430-0649
Fax (206) 337-8693
omega77x7@yahoo.com

Eric Dangerfield d/b/a Omega Consulting

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) **Chapter 11** |
| | ) |
| **BEVERLY HILLS BANCORP INC., a** | ) Case NO. 14-10898 (KJC) |
| **Delaware Corporation** | ) |
| | ) |
| Debtor | ) |
| | ) |
| | ) |

**Notice Regarding Offer To Purchase Shares In Subsidiary**
**And/Or**
**Offer For Purchase & Assignment Of Judgment Against Certain Inactive Companies**

Eric Dangerfield d/b/a Omega Consulting ("Omega"), does hereby notify the bankruptcy estate and its creditors of his/its formal offer for purchase of the outstanding shares owned by Beverly Hills Bancorp Inc ("BHBC") issued by its wholly owned subsidiary, BH COMMERCIAL CAPITAL I INC ("BCC"), and/or for the purchase and assignment of a judgment held by that subsidiary against certain inactive companies, and notifies this Court and Creditors, as follows:

Statement of Facts

1. This bankruptcy was filed as a Chapter 11 bankruptcy on April 15, 2014.

2. Concurrent with its bankruptcy filing, the debtor's proposed chief restructuring officer ("CRO"), Bradley D. Sharp, filed a declaration concerning the debtor's assets, one of those assets being a wholly owned subsidiary, BCC.

2. The CRO noted that the only asset of said subsidiary was its interest in a secured commercial real estate loan with a stated value of $204,307.00.

3. Notably at the time of the bankruptcy filing, Omega had formally notified officers and/or principles (William King and Larry Faigin) of the debtor's subsidiary that Omega Consulting had identified an unrealized valuable intangible asset with a projected value of at least $300,000.00 that was recoverable via execution upon a judgment in BCC's favor in the amount of $3,053,041.94 rendered against 10705 Rose Ave LLC and Lancam Properties LLC in Cause Number BC406220 on June 10, 2010 in the Los Angeles County Superior Court, with both those defendant corporations now being inactive entities as reported by the California Secretary of State.

4. Further, Omega had tendered a proposal to said representatives for the purchase and assignment of the aforementioned judgment (yielding the subsidiary $250,000.00). Said representatives forwarded the proposal to Attorney Larry Nagler for the purpose of negotiating with Omega. As a result of those negotiations, a tentative understanding was reached, namely that upon Omega's willingness to transfer substantial upfront cash to BCC, then the judgment could be--and would be--assigned to Omega.

5. Unfortunately, prior to execution of a written understanding between the parties, BHBC, the parent company for BCC, filed this bankruptcy proceeding.

6. As a result of the bankruptcy filing, the negotiation between Omega and Attorney Nagler came to a screeching halt. Since that time, Omega has forwarded at least two (2) alternative proposals to the CRO. Those proposals called for either 1) Selling the shares of BH Commercial Capital I Inc to Omega, or 2) having the subsidiary (not in bankruptcy) assigning the judgment to Omega. (See Exhibits 1 and 2, attached hereto as though fully set forth herein).

7. To date, Omega has not received a response from either the CRO or his attorneys, even though Omega made it clear that time was of the essence with regard to the proposals.

8. Therefore, because of the uncertainty surrounding the proposed CRO's evaluation of the proposals, Omega does hereby notify this bankruptcy estate and its creditors of this formal proposal

to purchase the outstanding shares owned by BHBC issued by its wholly owned subsidiary based on the following general terms, and/or for the purchase and assignment of the aforesaid judgment against certain inactive companies held by one of the estate's wholly owned subsidiaries, as follows:

## BASIC PROPOSED TERMS FOR PURCHASE OF SHARES
## AT AN AGGREGATE PRICE OF $200,000.00

1. First of two payments in the amounts of $100,000.00 shall be made to the BHBC c/o Winston Strawn LLP w/i 45 days of the execution of this understanding.
2. First payment shall be made within forty-five (45) days of receipt of the executed purchase, sale & assignment memorandum (unless court approval is necessary--in which event, payment shall be within 45 days of the issuance of court approval of the understanding).
3. Second payment of $100,000.00 shall be made to BHBC w/i 45 days from the date of the initial payment.
4. BCC's interest in its only acknowledged and stated asset, namely $204,307.00, the $500,000 outstanding secured commercial real estate loan (recorded at a discount of $204,307) shall be transferred to BHBC.
5. BCC's interest in its creditor claim against the bankruptcy estate of Ezri Namvar shall automatically be transferred to BHBC.
6. Omega shall receive all other rights, title, and shareholder interests of BHBC in BCC.
7. Omega accepts the Purchase, Sale & Assignment memorandum on an "As Is" basis.

## ALTERNATIVE PROPOSAL FOR THE PURCHASE AND ASSIGNMENT OF JUDGMENT
## AGAINST CERTAIN INACTIVE COMPANIES

1. $250,000.00 to BCC c/o Bradley D. Sharp, CRO of BHBC c/o Winston Strawn LLP.
2. Payment issued within 45-75 days of receipt of the executed Assignment.
3. Omega executes a "Disbursement Instructions" form directing its General Counsel, Attorney William Olah of Terre Haute, Indiana (333 Ohio Street; Terre Haute, Indiana 47807, email WMOlah@wilkinsonlaw.com, phone (812) 232-4311) to issue payment directly to Winston Strawn LLP, per instructions.
4. Omega accepts the Assignment on an "As Is" basis.
5. Omega is solely responsible for the out-of-pocket recovery expenses. NO RISK TO SHARP, NOR BCC, NOR WINSTON STRAWN LLP.

8. Omega would inform this Court and Creditors that it is willing to submit a good faith deposit totaling $25,000.00 to the Trustee within ten (10) business days of Omega's receipt of written confirmation that one or the other of the two alternative proposals has been accepted.

## COURT'S AUTHORITY TO ACT

9.  11 U.S.C. 105 generally grants the bankruptcy judge substantial authority and power to render decisions that comport with fair play and substantial justice.

10.  The bankruptcy code generally provides the debtor-in-possession or the debtor's responsible representatives with substantial powers and responsibilities to gather and administer the assets of the estate. Considering that numerous bankruptcy cases involve the purchase and sale of assets, Omega believes that a sufficient standing interest and nexus has been shown so as to justify recognition of Omega as an "interested person" or other professional with sufficient interest to warrant the Court's exercise of discretion in this matter.

## PRAYER

WHEREFORE, Applicant requests that the Court enter such orders as equity requires, including:

1.  Authorizing the CRO of Beverly Hills Bancorp Inc to enter an understanding with Omega for either
    a) The sale of the Beverly Hills Bancorp Inc' shares in BH Commercial Capital I Inc to Omega Consulting, per the terms of the proposed purchase and sales agreement, or
    b) The assignment to Omega of the judgment in the name of BH Commercial Capital I Inc against certain inactive entities, as outlined in Exhibit 2.

2.  Instructing Omega to deliver a cashier's check to Bradley D. Sharp as CRO of Beverly Hills Bancorp Inc in the amount of $25,000.00 within ten (10) business days of receiving written receipt of the CRO's written confirmation of acceptance of one or more of the two (2) proposals, with said funds being a good faith deposit towards the initial payment of $100,000.00 as outlined in the accepted proposal per the CRO's discretion.

3.  Enter such other orders as the Court deems appropriate and just in this matter.

Respectfully submitted,

Eric Dangerfield d/b/a Omega Consulting
7706 Pinebrook Dr
San Antonio, Texas 78230
Phone (210) 430-0649
Fax (206) 337-8693
omega77x7@yahoo.com

PRO SE